**MILLS et ux. v. WOMACK.** (No. 3631.)

Court of Civil Appeals of Texas. Texarkana.
Feb. 28, 1929.

I. C. Underwood, of Marshall, for appellants.

Hall, Scott, Casey & Hall, of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). [1-3] We think appellants' contention that the judgment was unwarranted, so far as it was in appellee's favor for $1,017.31, should be overruled. It is urged in support of the contention that it appeared appellants were induced to execute the note by duress practiced upon them. The burden of proving such duress was on appellants, and the evidence to support the charge consists alone of their testimony as witnesses. The jury were not bound to believe their testimony, and had a right to conclude they had not discharged the burden resting upon them. It is urged, further, that it appeared from the evidence that less than $1,017.31 of the note remained unpaid, and therefore that the judgment was for an excessive amount. But appellants failed in their brief to point out testimony indicating such excess and the amount thereof, and we have not found such testimony in the record sent to this court.

But we think appellants' contention that the judgment was unwarranted, so far as it undertook to foreclose the lien of the deed of trust to Hobart Key on the 91 acres of land, should be sustained, because it appeared the land was a part of appellants' homestead at the time they executed said deed. It was undisputed that appellants owned 200 acres, including the 91 acres, which, for many years, they had used, and at the time they made said deed were using, as their homestead. Appellee's contention was that appellants owned 87.76 acres in addition to and adjoining said 200 acres, and that owning the 287.76 acres, they had designated same, exclusive of the 91 acres, as their homestead. Appellants' contention was that they owned only the 200 acres. It appeared from the evidence that appellant Florence Mills, widow, owned the 200 acres appellants claimed as a homestead at the time she married Tom Marshall, and that after she married said Marshall 87.76 acres adjoining the 200 acres were conveyed to them. It appeared, further, that the 87.76 acres were conveyed by Tom Marshall to E. Key in consideration of the surrender and cancellation by Key, who owned same, of promissory notes he (Tom Marshall) and appellant Florence Mills, then Florence Marshall, had given for purchase money of the land. Appellee's contention was that E. Key, after Tom Marshall died, sold the 87.76 acres to his widow, appellant Florence Mills, then Florence Marshall. It was not pretended that said E. Key conveyed the land to said appellant Florence Mills. The evidence relied upon to show the title to the 87.76 acres to be in her was the testimony of Hobart Key, son of E. Key, that he held two notes "purporting [quoting] to be signed by Florence Marshall concerning that tract of land." The notes, he said, were payable to E. Key. Florence, he said further, had "from time to time made payments on these notes." "The note itself," he said, "states it is for land this day bonded to Florence Marshall." If the notes were offered and admitted as evidence at the trial the fact does not appear in the record sent to this court. There is nothing in that record showing the date of the notes, the amounts thereof, when they were payable, nor other contents thereof. There was no other evidence relevant to the question of title, legal or equitable, to the 87.76 acres of land being in appellants, except that it appeared they had designated same as a part of their homestead by an instrument in writing dated March 17, 1924, and recorded in Harrison county, had paid taxes on 291 acres of land in 1920 and afterward, and had executed a deed conveying a right of way for a pipeline over 287 acres of land (not described) in 1921. The evidence was that appellants used the 200 acres for the purpose of a home, and there was no evidence showing possession or use by them of the 87.76 acres for such purposes, or for any purpose. We think the evidence referred to was wholly insufficient to support a finding that appellants legally or equitably owned the 87.76 acres, or an interest therein, or a finding that same was a part of their homestead at the time they made the deed to Hobart Key.

The judgment will be so modified as to deny appellee a foreclosure of the lien of the trust deed, and, as so modified, will be affirmed.